IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

Case No.: _____

HUONG NUYEN AND
NAM PHAM,

    Plaintiffs,

v.

                              Removed from Circuit Court
                              of Orange County, Florida
                              Case No.:  2023-CA-011663-O

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant National Specialty Insurance Company (hereinafter "NSIC"), by and through its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No. 2023-CA-011663-O, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1.    This matter arises from a coverage dispute on an insurance policy issued by NSIC to Plaintiffs to insure a property located at 9041 Tuscan Valley Place, Orlando, Florida (the "Property"). Plaintiffs initiated a claim alleging the Property suffered a loss due to Hurricane Ian on or about September 29, 2022. NSIC

investigated the Plaintiffs' claim, determined there were no covered losses under the policy, and denied the claim.

2. On April 28, 2023, Plaintiffs filed an Amended Complaint against NSIC in the Circuit Court of Orange County, Florida. *See Exhibit "A", Plaintiffs' Amended Complaint for Breach of Contract & Demand for Jury Trial.*

3. Plaintiffs allege "At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business in Orange County, Florida." *Id.* at ¶ 2.

4. Plaintiffs allege "At all times material hereto, Plaintiffs were and are residents of Orange County, Florida, and are otherwise sui juris." *Id.* at ¶ 3.

5. Plaintiffs further allege "That at all times material hereto, Defendant issued a policy of insurance, Policy No. VUW-HO-603025 on Plaintiffs' residence located 9041 Tuscan Valley Place, Orlando, Florida 32825 ("Property"), which afforded various types of coverages including coverage for damage to dwelling, other structures, personal property, and for loss of use." *Id.* at ¶ 4.

6. Plaintiffs also allege that "On or about 9/29/2022, the Property was damaged as the result of Hurricane Ian." *Id.* at ¶ 5.

7. Plaintiffs further allege that "As a result of this incident, Plaintiffs have suffered damage to the building on the subject property, damage to contents, and loss of use of property and possessions therein. *Id. at* ¶¶ 11.

8. Plaintiffs allege "Plaintiffs have been damaged by this breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein. *Id. at ¶¶ 13.*

9. Plaintiffs' Amended Complaint only alleges damages that exceed Fifty Thousand Dollars and 00/100 ($50,000.00), sufficient for jurisdiction in Florida's highest state trial court – circuit court. *Id.* at ¶ 1. Additionally, Plaintiffs' Amended Complaint was silent as to the *citizenship* of the parties.

10. There were no exhibits attached to the Amended Complaint which would establish the true amount in controversy or diversity of the parties. Therefore, as originally filed, this action was not removable to federal court.

11. On April 28, 2023, in the exercise of due diligence, Defendant checked the records of the Orange County property appraiser. The Property Appraiser's records clearly indicate that the Insureds have received a $50,000 exemption for the insured property. 2022. *See Exhibit "B", the Historical Values and Tax Benefits section of the Orange County Property Detail.*

12. Therefore, the Insureds have applied for and received the Homestead Exemption under the Florida Constitution, per the records of the Orange County Property Appraiser.

13. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (Supp.

3

1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, <u>make it their permanent residence</u>." *See Robbins v. Welbaum, 664 So. 2d 1, 2 (Fla. 3d DCA 1995) (emphasis added).*

14. NSIC submits that Plaintiffs have verified by such application that they are permanent residents who reside at the homestead/insured property in Orange County, Florida, and therefore are domiciled in Florida, making them citizens of Florida for purposes of diversity jurisdiction.

15. Defendant NSIC is a foreign corporation with its place of incorporation and principal place of business in the State of Texas. *See Exhibit "C", the 2022 Foreign Profit Corporation Annual Report filed by Defendant NSIC with the Florida Secretary of State.*[1]

16. 28 U.S.C § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

17. Although Plaintiffs' citizenship was established through the records of the Orange County Property Appraiser and the undersigned knew that Defendant was a Texas citizen, the case was still not ripe for removal as the amount in controversy had not been confirmed.

18. On May 2, 2023, NSIC served Plaintiffs with NSIC's Diversity Request for Admissions asking Plaintiffs to admit they are citizens of and domiciled in the

State of Florida and that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. *See Composite Exhibit D, NSIC's Diversity Request for Admissions to Plaintiffs Huong Nuyen and Nam Pham* (hereinafter "Requests").

19. Plaintiffs' responses to NSIC's Requests were due on June 2, 2023. However, Plaintiffs failed to respond to NSIC's Requests. As such, the matters therein are admitted. See F.R.C.P 1.370; Fed R. Civ. Pro. 36(a).

20. The amount in controversy was conclusively established by virtue of Plaintiffs' failure to respond to NSIC's Requests.

21. Plaintiffs' admission as to the amount in controversy is supported by Plaintiffs' pre-suit Notice of Intent to Initiate Litigation ("NOI") served on Defendant on April 12, 2023. Plaintiffs' NOI alleged One Hundred Seventy-Six Thousand Two Hundred Sixty-Six Dollars 00/100 ($176,266.00) and contained a detailed, itemized repair estimate for One Hundred Eighty-Nine Thousand Three Hundred Twenty-Two Dollars 71/100 ($189,322.71). *See Exhibit "E", Plaintiffs' Notice of Intent to Initiate Litigation.*

22. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States.

23. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

24. Since there is complete diversity between Plaintiffs and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars and 00/100 ($75,000.00), exclusive of interest and costs, this case is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

## TIMELINESS OF REMOVAL

25. This Notice of Removal is timely filed.

26. To determine the timeliness of removal by a defendant when, as in this case, the basis for removal is not apparent from the face of the Complaint, the Court must look to the first triggering event. That "triggering event" is established by 28 U.S.C. § 1446(b)(3), which provides:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

27. This statute must be coupled with 28 U.S.C. § 1446(c)(3)(A), which provides:

> [i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

28. *In Wopshall v. Travelers Home & Marine Ins. Co.*, 369 F. Supp. 3d 1283 (S.D. Fla. 2019), a court of this district stated, in reference to 28 U.S.C. 1446(b):

> [w]hen applying the first triggering event of (b)(1), a court should look only at what the plaintiff pleads in the initial pleading. A court should consider no other document or correspondence between the parties. Consequently, if removability is not clear on the face of the initial pleading, then the defendant is not subject to the 30-day clock of (b)(1). This holds true even if the defendant otherwise knows or should have known subjectively what the amount in Controversy is (such as from pre-suit settlement negotiations). If at some later point the defendant learns about a basis for removal, then subsection (b)(3) opens another 30-day window to take action. The (b)(3) clock begins to run upon: (1) the defendant's receipt of something in writing, (2) that the defendant receives after the initial pleading, and (3) that clearly and plainly shows what the amount in controversy is. The bright-line rule thereby seeks to balance the requirement for early removal against the need to allow the defendant to wait until removability becomes clear (and defendable if the plaintiff contests it with a remand motion) (emphasis added). *Id.* 369 F. Supp. 3d 1283, at 1289.

29. Plaintiffs filed their Amended Complaint on April 28, 2023; however, the Amended Complaint did not state the true amount in controversy and was silent

as to the citizenship of the parties. Therefore, the case was not removable as originally filed.

30. Removability, in this case, did not become clear and defendable until June 2, 2023, when the amount in controversy sufficient to invoke the jurisdiction of the Federal Court was conclusively established by Plaintiffs' failure to respond to NSIC's Requests.

31. This notice is filed within thirty (30) days of NSIC's receipt of Plaintiffs' initial settlement demand.

32. Plaintiffs' failure to respond to NSIC's Request effectively triggered a new thirty (30) day window requiring NSIC to effectuate removal on or before July 2, 2023.

33. Plaintiffs and Defendant are citizens of different states, Florida, and Texas, respectively, and the amount in controversy is greater than Seventy-Five Thousand Dollars and 00/100 ($75,000.00), exclusive of statutory attorney's fees.

34. Based upon the foregoing, this case is appropriate for removal as all the jurisdictional requirements for removal have been met.

35. Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case was filed in the Ninth Judicial Circuit in and for Orange County, Florida.

36. A complete copy of all process, pleadings, and orders filed in the Circuit Court of Orange, Florida in Case No. 2023-CA-011663-O, is being filed

contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the Circuit Court of Orange County, Florida, Case No. 2023-CA-011663-O, are attached hereto.

37. In compliance with 28, U.S.C. § 1446(d), Defendant has provided a written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is included within other state court documents attached hereto.

WHEREFORE Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Florida (Orlando Division).

---

[1] For diversity purposes, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. § 1332(c)(1)." *World Fuel Servs. v. Pan Am World Airways Dominicana, S.A. (Pawa Dominicana) Corp*., No. 18-20321-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 65426, at *7-8 (S.D. Fla. Apr. 17, 2018).

Date: June 6, 2023						Respectfully submitted,

                                                   By:	/s/ *Tahirah R. Payne*_____
Tahirah R. Payne, Esq. (0083398)
Brian P. Henry, Esq. (0089069)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida  32803
T:  (407) 284-4990
F:  (407) 284-4999
E:  tpayne@rolfeshenry.com
E:  pewing@rolfeshenry.com
E:  bhenry@rolfeshenry.com
E:  kmcclintock@rolfeshenry.com

*Attorneys for Defendant*
*National Specialty Insurance Company*

<u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 6th day of June 2023:

Jeremy T. Schilling, Esq.
Aaron D. Silvers, Esq.
Schilling & Silvers, PLLC
1700 NW 64th Street, Suite 460
Fort Lauderdale, Florida  33309
T:  954-712-8877
E:  jschilling@schillingsilvers.com
E:  dadams@schillingsilvers.com

*Attorney for Plaintiffs*

                                                   /s/ *Tahirah R. Payne*_____
                                                   Tahirah R. Payne (FBN 0083398)